IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| FELICIA AQUINTO, §<br>　　　　*Plaintiff,* §<br>§<br>v. §<br>§<br>MK PROPERTY MANAGEMENT §<br>SERVICES, INC.; KAUFMAN §<br>MARKETPLACE, LP; MK §<br>MARKETPLACE, LP; TERRY §<br>JARRELL d/b/a YELLOW STRIPE §<br>PAVEMENT MAINTENANCE; MARK §<br>KAUFMAN PROPERTIES §<br>MANAGEMENT SERVICES, LLC; §<br>　　　　*Defendants.* § | MO:24-CV-00112-DC-RCG |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Felicia Aquinto's ("Plaintiff") Motion to Remand to State Court. (Doc. 49).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED**. (Doc. 49).

### I. BACKGROUND

On or about October 13, 2023, Plaintiff alleges that she visited a shopping center in Odessa, Texas, where the above-named defendants were involved in ownership, operation, or management of the premises. (Doc. 28 at 3). Plaintiff contends that Defendant MK Property Management, as owner, and Defendant Kaufman Marketplace, as landlord, are responsible under the lease for maintaining the common areas. The common areas include the parking lot, but these

---
1. All citations are to CM/ECF generated pagination unless otherwise noted.

Defendants failed to maintain it despite "tax[ing] the tenants additional charges for common area maintenance." *Id.* Plaintiff alleges that after returning to her vehicle, she stepped into a pothole, fell, and fractured her ankle requiring surgery. *Id.* at 4.

Consequently, on February 5, 2024, Plaintiff filed suit against Defendant MK Property Management Services, Inc. in the 244th District Court for Ector County, Texas, seeking judgment against it for injuries Plaintiff allegedly suffered because of the incident that occurred at the shopping center. (Doc. 1 at 8). On April 25, 2025, Defendant MK Property Management Services, Inc. removed the case to federal court on diversity grounds, citing Plaintiff's Texas citizenship and its own California citizenship, and asserting that the amount in controversy exceeded $75,000.00. *Id.* at 2. On December 17, 2024, Plaintiff requested leave to file her first amended complaint adding Kaufman Marketplace, LP as a defendant, asserting that "Kaufman Marketplace, LP is responsible for management and maintenance of the common area," including the parking lot where Plaintiff's alleged injury occurred. (Docs. 18; 18-1 at 2). On January 3, 2025, the Court granted Plaintiff leave to amend her complaint.

On February 7, 2025, Plaintiff requested leave to file a second amended complaint to join MK Marketplace, LP; Terry Jarell d/b/a Yellow Stripe Pavement Maintenance; and Mark Kaufman Property Managements Services, LLC as defendants, citing their involvement in the maintenance of the parking lot where the alleged incident occurred as grounds for relief. (Docs. 25; 25-2 at 2). Notably, Plaintiff attached as an exhibit a proposed pleading reflecting her intent to add Terry Jarell d/b/a Yellow Stripe Pavement Maintenance, a Texas citizen, as a defendant. (Doc. 25-2 at 2). On February 21, 2025, having received no response from Defendants MK Property Management Services, Inc. or Kaufman Marketplace, LP, the Court granted Plaintiff's motion for leave to file a second amended complaint.

2

On April 11, 2025, Plaintiff filed the instant Motion to Remand, arguing that "complete diversity of citizenship does not exist anymore because Plaintiff and Defendant Terry Jarrell are both domiciled in the State of Texas," and thus "this case should be remanded to 244th District Court in Ector County, Texas pursuant to 28 U.S.C. §1447(c)." (Doc. 49 at 2). To date, no defendant has filed a response in opposition to Plaintiff's Motion to Remand.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Office of Comptroller of the Currency of U.S.*, 362 F.3d 333, 336 (5th Cir. 2004); *accord Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001). As such, federal courts must "presume[ ] that a [suit] lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Typically, the issue of whether the district court lacks subject matter jurisdiction, and thus "whether an action should be remanded to the state court must be resolved by reference to [the] plaintiff's pleading *at the time of removal*." *Texas v. Alliance Employee Leasing Corp.*, 797 F.Supp. 542, 544 (N.D. Tex. 1992) (emphasis added); *accord Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180–81 (5th Cir. 1987) ("Generally, jurisdiction is determined at the time suit is filed. . . . [M]ost post-removal developments—amendment of pleadings to below jurisdictional amount or change in citizenship of a party—will not divest the court of jurisdiction . . . .")). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

### III.   DISCUSSION

As a preliminary matter, Defendants' failure to respond to Plaintiff's Motion permits the Court to treat it as unopposed under Local Rule CV-7(d)(2). However, the Court must still consider the merits of Plaintiff's motion to determine whether remand to state court is proper. *See, e.g.*, *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (explaining that dispositive motions may not be granted solely because they are unopposed). Accordingly, the Court turns to whether remand is warranted under 28 U.S.C. § 1447(c) and (e).

Here, Plaintiff sought leave to file a second amended complaint and attached a proposed pleading indicating her intent to add a non-diverse Defendant. (Docs. 25; 25-2 at 2). The Court granted Plaintiff's Motion, thereby permitting joinder of an additional non-diverse Defendant. (Doc. 27). Plaintiff has now moved to remand this action to state court. (Doc. 49).

The Fifth Circuit espouses the general rule that "most post-removal developments . . . will not divest the court of jurisdiction[,] but an addition of a nondiverse defendant will do so." *Hensgens v. Deere & Co.,* 833 F.2d at 1181. Section 1447(e) expressly states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the [C]ourt may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Fifth Circuit interprets this provision literally, explaining that "[b]y expressly giving a district court only two options, this section indicates that the court may not permit joinder of non-diverse defendants but then decline to remand." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

Thus, once the Court permitted joinder of the non-diverse defendant, complete diversity was destroyed. (Doc. 27). Accordingly, under the Fifth Circuit's precedent, the Court has no choice but to remand the case to the 244th Judicial District for Ector County, Texas.

4

## IV. RECOMMENDATION

In accordance with the discussion above, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED**.

SIGNED this 2nd day of September, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).